UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

AYANA JEFFERSON,

Plaintiffs,

v.

ANTONIO BARRICK, *et al.*,

Defendants.

Case No. 2:26-cv-01162-APG-EJY

**REPORT
and
RECOMMENDATION**

Pending before the Court is Plaintiff's Application to Proceed *in forma pauperis* ("IFP") and Civil Rights Complaint. ECF Nos. 1, 1-1. Because Plaintiff's claims are clearly fanciful—some of which also fail as a matter of law—the Court recommends Plaintiff's IFP be denied as moot and the Complaint be dismissed without leave to amend.

**I.    Screening Standard**

Despite recommending denial of Plaintiff's IFP, the Court screens Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2). When conducting its review, the Court must identify any cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from relief. 28 U.S.C. § 1915A(b)(1), (2). Hence, to survive dismissal a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court liberally construes *pro se* complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

Whether a complaint is sufficient to state a claim is determined by taking all allegations of material fact as true and construing these facts in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff

1

must nonetheless provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear a complaint's deficiencies cannot be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Finally, a complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

## II.     Plaintiff's Allegations

Plaintiff alleges a collection of far-reaching, fantastic allegations of conspiracy involving roughly 38 defendants who supposedly kidnapped, trafficked, and sexually abused AJ, her child, and then schemed to silence Plaintiff when she sought to uncover the truth.[1] ECF No. 1-1 at 5-9.

Plaintiff's Complaint, starts by alleging that in October 2025, AJ's father (Antonio Barrick[2]), her grandmother (Joanna Tomlinson), and her four sisters (Kadih Conteh, Samantha Bremmer, Amanita Jefferson, and Natoya Bremmer) "engaged in a pattern of custodial interference, mail fraud, and the use of illegal surveillance" so they could hide AJ from Plaintiff and place the child in a "sex trafficking/prostitution ring" run by Danielle Jones and "Trish John Doe #3," two individuals identified only as private parties. *Id*. at 5, 8. Plaintiff claims her family members hired Christopher Burk, an individual not identified as associated with an entity or agency, to surveil Plaintiff at her home. *Id*. at 8. Tamara Miller, also unidentified, allegedly assisted Mr. Burk with surveillance. *Id*. at 5.

Sometime between March 29, 2026 and April 3, 2026, three social workers who appear to be employees of the Clark County Department of Family Service—Tackesha Thompson, Frankie

---

[1]     Plaintiff identifies her child as "AJ." ECF No. 1-1 at 7. Further, Plaintiff lists 33 defendants, but her "Statement of Claims" discusses at least five additional individuals averring they are all defendants. *Id*. 1-1 at 8-9 (describing Danielle Jones, Trish John Doe #3, Clark County School District, Abigail Frierson, and Frank Prado as defendants).
[2]     Plaintiff's "Notice to Court" (ECF No. 6) identifies Mr. Barrick as AJ's father, but otherwise does nothing to cure the frivolous nature of her underlying Complaint.

Cooper,[3] and Rashonda Tillman, as well as UMC, supposedly "acted in concert" to remove AJ from Plaintiff's care without providing her prior notice.[4] *Id.* at 8. Plaintiff avers Ms. Cooper removed AJ, Ms. Thompson suppressed evidence of the removal, and Ms. Tillman, an agency supervisor, failed to supervise Ms. Cooper and Ms. Thompson whose actions endangered AJ's life. *Id.* at 6. Plaintiff alleges the Clark County School District, Nevada Health Right, and a Clark County Ombudsman (Tisa Evans) abdicated their roles as mandatory reporters of sex abuse when they did not intervene after Plaintiff told them AJ was a victim of sex and physical abuse. *Id.*

According to Plaintiff, Las Vegas Metropolitan Police Department ("LVMPD") as well as Clark County's Deputy County Manager (Abigail Frierson) and the Director of Family Services (Frank Prado) failed to adequately train their employees and maintained a policy of inaction evidenced by their failure to respond to Plaintiff's emails and letters expressing concerns for AJ's safety. *Id.*

Plaintiff contends several private and government attorneys (Stacy Perez, Nicholas Petsas, Nancy Lemke, and Amity Latham) conspired with Clark County Department of Family Services and Child Protective Services officials to prosecute Plaintiff, withhold evidence, and make false statements in court filings to "silence" her. *Id.* at 8. Plaintiff alleges that Ms. Latham, who appears to be a Clark County Deputy District Attorney, engaged in unexplained "vindictive prosecution" and "fraud on the court" to suppress Plaintiff's parental rights. *Id.* at 5. Plaintiff alleges that Ms. Lemcke, who is now the Clark County Public Defender, but at the time may have been with Legal Aid Center of Southern Nevada ("LACSN"), failed to perform "mandatory protective duties" that endangered AJ. *Id.* at 5. Mr. Petsas, Plaintiff's former counsel, is supposed to have facilitated AJ's removal and otherwise committed gross malpractice. *Id.* at 5-6.

Summarily, Plaintiff alleges that 26 defendants, including family members, attorneys, and social workers "participated in an enterprise to kidnap the minor child AJ and conceal evidence of

---

[3]    The Court is not certain that Frankie Cooper is a woman; however, the allegations suggest that the use of "Ms." is the proper designation for this named defendant.
[4]    Liberally construed, Plaintiff alleges UMC engaged in "medical kidnapping" and conspiracy to work with CPS when her child was removed from her care, without prior notice, after UMC contacted CPS while Plaintiff and AJ were at the hospital facility. ECF No. 1-1 at 3.

aggravated sexual assault through a pattern of racketeering activity."[5] *Id*. at 7. Of these individuals, Plaintiff accuses eight private parties of sexually assaulting and sodomizing AJ at some unidentified point in time.[6] *Id*. at 5.

Plaintiff's Complaint identifies three additional attorneys who are not tied to the "claims" portion of Plaintiff's Complaint. *Id*. at 6-7. The first, Paul J. Adras, is alleged to have committed legal malpractices and acted as a "legal conduit for the RICO enterprise." *Id*. at 6. Jacqueline B. Carman, a public defender, is alleged to have "conspire[ed] to violate civil rights and suppress trafficking evidence." *Id*. Adam M. Vander Heyden, a private criminal defense attorney, supposedly used his influence "to facilitate an illegal custodial grab" and conspired with others to deprive Plaintiff of her parental rights. *Id*. at 7.

**III.   Discussion**

   a.   <u>Plaintiff's Claims under 42 U.S.C. § 1983 and the Trafficking Victims Protection Act (18 US.C. § 1595) Fail as a Matter of Law</u>.

Chapter 42 of the United States Code, at Section 1983, does "'not itself [provide] a source of substantive rights,' but merely provides a 'method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor,* 490 U.S. 386, 393-94, (1989) (quoting *Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979)). Thus, to the extent Plaintiff asserts a standalone § 1983 claim alleging the deprivation of her civil rights (ECF No. 1-1 at 3), the claim fails as a matter of law.

Plaintiff's claims under 18 U.S.C. § 1595 fails because the statute makes clear that only a victim of conduct prohibited by the statute may proceed before the Court. *Lynn v. Sacramento County Juvenile Dependency Court*, Case No. 2:19-cv-1317-KJM-EFB PS, 2020 WL 5095861, at *2 (E.D. Cal. Aug. 28, 2020) (the mother of a child placed in foster care, who did not allege she—

---

[5] The 26 defendants includes Antonio Barrick, Kadih Conteh, Samatha Bremmer, Amanita Jefferson, Natoya Bremmer, Joanna Tomlinson, several private parties not identified by association (Angelica Barrick, Bethany Barrick, Christian Bauer, Christopher Burk, Tamara Miller, Michael Riccio, and Michael (AKA Mike)), LVMPD, Ms. Lemcke, Amity Latham, Tisa Evans, "Unknown School Police Officer," two attorneys with LACSN's Children's Attorneys Project (Candice Barr and Patrick Hirsch), the Clark County Social Services Administrative Team, various employees of the Clark County Department of Family Services (Ms. Thompson, Ms. Cooper, and Ms. Tillman), Sarah Broo (psychologist), and Jordan Kramer (who appears to be a clinical social worker).

[6] These individual defendants include Antonio Barrick, Plaintiff's sisters Samantha Bremmer and Amanita Jefferson, Angelica Barrick, Bethany Barrick, Michael Riccio, Michael (AKA Mike), and Plaintiff's grandmother Joanna Tomlinson.

4

the mother—was a victim of "human trafficking or forced labor" could not "assert claims on behalf of her daughter"); *Burnside v. State of Illinois Tenth Jud. Cir. Ct.*, Case No. 1:23-CV-01107, 2023 WL 3568097 (C.D. Ill. Apr. 24, 2023) (the parent of an alleged human trafficking victim had no independent cause of action under the statute and could not sue on behalf of their child *pro se*). Because Plaintiff does not allege she is a victim, but the parent of a child alleged to be a victim, her claim under the Trafficking Victim Protection Act fails as a matter of law.

        b.      <u>Plaintiff's Remaining Claims Are So Fanciful as to Render them Frivolous.</u>

To plead a claim that may be proceed through a 42 U.S.C. § 1983 action, a plaintiff must state sufficient facts supporting the conclusion that one or more defendant (1) acted under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Sykes v. California,* 497 F.2d 197, 199-200 (9th Cir. 1974) (citing *Cohen v. Norris,* 300 F.2d 24, 30 (9th Cir. 1962)). To state a claim of conspiracy to violate rights protected by the U.S. Constitution, a plaintiff must show an agreement or meeting of minds to violate her constitutional rights and an overt act in furtherance of the conspiracy. *Franklin v. Fox,* 312 F.3d 423, 441 (9th Cir. 2002) (citing *United Steelworkers of Am. v. Phelps Dodge Corp.,* 865 F.2d 1539, 1540-41 (9th Cir. 1989). The conspiracy must result in an actual deprivation of a constitutional right. *Woodrum v. Woodward County, Oklahoma,* 866 F.2d 1121, 1126 (9th Cir. 1989) (internal citations omitted).

To state a Civil RICO claim Plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as predicate acts) (5) causing injury to plaintiff's business or property." *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005) *citing Grimmett v. Brown,* 75 F.3d 506, 510 (9th Cir.1996) (citing 18 U.S.C. §§ 1964(c), 1962(c)) (internal quote marks omitted). A Civil RICO injury must be "a concrete financial loss, and not mere injury to a valuable intangible property interest." *Oscar v. Univ. Students Co-op. Ass'n*, 965 F.2d 783, 785 (9th Cir. 1992). Emotional distress is not an injury within the meaning of the statute. *Ainsworth v. Owenby*, 326 F.Supp.3d 1111, 1123 (D. Or. 2018) (citing *Diaz v. Gates*, 420 F.3d 897, 900 (9th Cir. 2005).

To plead a claim under 42 U.S.C. § 1985(3) Plaintiff must allege a conspiracy arose from a racial or class-based animus. *Manistee Town Center v. City of Glendale,* 227 F.3d 1090, 1095 (9th Cir. 2000). With respect to Title II of the Americans with Disabilities Act (the "ADA"), Plaintiff must demonstrate a public entity discriminated against her "on the basis of disability." *Payan v. Los Angeles Cmty. Coll. Dist.*, 11 F.4th 729, 737 (9th Cir. 2021) (citing 42 U.S.C. § 12132). To state the elements of a Title II ADA claim a plaintiff must allege: (1) she "is an individual with a disability"; (2) she "is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities'" (3) she "was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity"; and (4) "such exclusion, denial of benefits, or discrimination was by reason of [her] disability." *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004) (quoting *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002) (per curiam), *cert. denied*, 538 U.S. 921 (2003)).

The Fourteenth Amendment, not the Fourth Amendment, applies to Plaintiff's alleged clam that her child was removed without proper notice. *David v. Kaulukukui*, 38 F.4th 792, 800 (9th Cir. 2022). While the "Fourteenth Amendment guarantees that parents will not be separated from their children without due process of law" this right is subject to exceptions arising from emergencies. *Mabe v. San Bernadino Cnty., Dept. of Pub. Soc. Serv's*, 237 F.3d 1101, 1107 (9th Cir. 2001) (citing *Stanley v. Illinois*, 405 U.S. 645, 651 (1972)). That is, "officials may remove a child from the custody of its parent without prior judicial authorization" if at the time or removal they possess "reasonable cause to believe that the child is in imminent danger of serious bodily injury and that the scope of the intrusion is reasonably necessary to avert that specific injury." *Wallis v. Spencer*, 202 F.3d 1126, 1138 (9th Cir. 2000).

The above discussion of the facts alleged by Plaintiff demonstrates her claims are so outrageous and delusional as to render them frivolous. There is nothing that reasonably or rationally ties any of Plaintiff's allegations to a believable scenario supporting a violation of federal law or the U.S. Constitution. Plaintiff alleges at least 38 individuals and entities worked together to kidnap, traffic, and sexually abuse AJ, and then silence Plaintiff when she attempted to report the conduct. *See generally* ECF No. 1-1. The defendants include immediate family members, prosecutors, social

workers, medical professionals, LVMPD, non-profit legal aid services, a school district, an ombudsman, four private attorneys from different firms, and several unidentified individuals. *Id*.

The Court concludes Plaintiff's allegations are so fanciful and implausible that they are not grounded in reality. *Adams v. FBI*, Case No. C 06-07321 CRB, 2007 WL 627912, at *2 (N.D. Cal. Feb. 26, 2007) (dismissing allegations as frivolous where they described a "delusional portrait of extreme persecution" where the plaintiff alleged that she was monitored through hidden cameras in her home); *Stone v. San Diego Cnty. Sheriff*, Case No. 25-CV-00630-RBM-BLM, 2025 WL 3535514 (S.D. Cal. Dec. 10, 2025) (dismissing allegations that the sheriff's department engaged in a "reign of terror" towards plaintiff). In the end, "[no] matter how sincerely believed by Plaintiff, these allegations are simply too fantastic to warrant the expenditure of further judicial and private resources." *Athans v. Starbucks Coffee Co.*, Case No. CV-06-1841-PHX-DGC, 2007 WL 1673883, at *2 (D. Ariz. June 11, 2007).

Supreme Court precedent holds that U.S. District Courts have the power to "dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional." *Denton*, 504 U.S. at 32-33 (cleaned up) (citing *Neitzke*, 490 U.S. at 325-328). Because Plaintiff's claims "rise to the level of the irrational or the wholly incredible," *id.* at 33, the Court recommends Plaintiff's Complaint be dismissed with prejudice and without leave to amend.

**IV.    Recommendation**

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) be DENIED as moot.

IT IS FURTHER RECOMMENDED that Plaintiff's Complaint (ECF No. 1-1) be DISMISSED without leave to amend.

Dated this 21st day of April, 2026.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).